# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: August 21, 2019

```
* * * * * * * * * * * * * *
JENNA KARAKATSANIS,            *      No. 16-1511V
                               *
              Petitioner,      *      Special Master Sanders
                               *
v.                             *
                               *
SECRETARY OF HEALTH            *      Dismissal; Order to Show Cause;
AND HUMAN SERVICES,            *      Failure to Prosecute; Insufficient Proof.
                               *
              Respondent.      *
* * * * * * * * * * * * * *
```

Just G. Day, Greg Coleman Law, PC, Knoxville, TN, for Petitioner.

Claudia B. Gangi, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING PETITION[1]

On November 14, 2016, Jenna Karakatsanis ("Petitioner") filed a petition for compensation in the National Vaccine Injury Compensation Program ("the Program").[2] Pet. 1, ECF No. 1. Petitioner alleged that the influenza ("flu") and Tetanus-Diphtheria-acellular-Pertussis ("TDaP") vaccines she received on October 8, 2014, caused her to suffer from transverse myelitis ("TM"). *Id.* at 1. The information in the record, however, does not show entitlement to an award under the Program.

## I.    PROCEDURAL HISTORY

This case was originally assigned to Special Master Hamilton-Fieldman. ECF No. 4. Petitioner submitted her petition on November 14, 2016, along with her personal affidavit. ECF

---

[1] This decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

No. 1. On January 10, 2017, Petitioner filed her medical records and statement of completion. ECF Nos. 10–12. The case was thereafter reassigned to me on January 13, 2017. ECF No. 14.

On May 17, 2017, Respondent submitted the Rule 4(c) Report, in which he contested Petitioner's right to an entitlement award. ECF No. 18. As an initial matter, Respondent's report indicated that Petitioner's medical records filed to date did not include a "formal diagnosis of TM." *Id.* at 10. At best, the record revealed that one of Petitioner's treating neurologists, Dr. Jennifer Sparks, discussed the possibility of a TM diagnosis with her, but declined to reach a firm diagnosis due to a lack of confirming MRI evidence and unremarkable spinal fluid testing. *See* Pet'r's Ex. 11 at 2–3. Further, Petitioner's primary care provider, Dr. Chase Wilson, only included the diagnosis in the reported health history taken during an examination (without any explanation or discussion of the relevant medical testing). *See* Pet'r's Ex. 9 at 61.

I held a Rule 5 status conference on May 24, 2017, to address the above-noted discrepancies in Petitioner's medical records. ECF No. 19. Based on my own review of the filings, I agreed that Petitioner's records did not contain a definitive diagnosis of TM, and I explained to Petitioner that a confirmed diagnosis is necessary for a claim to proceed in the Program. *Id.* at 1. At the conclusion of the conference, I granted Petitioner sixty days (or until July 24, 2017) to obtain and file evidence of a definitive TM diagnosis. *Id.*

On July 12, 2017, Petitioner filed a statement letter from a second treating neurologist, Dr. Christy Park, in an attempt to clarify her records. ECF No. 20. Dr. Park's letter, however, only indicated that Petitioner had a "working diagnosis" of TM. *Id.* at 2. Petitioner did not submit any accompanying medical records or testing evidence to support Dr. Park's opinion. I subsequently held a second status conference on August 8, 2017, and granted Petitioner an additional ninety days to retain an expert to opine as to Petitioner's diagnosis or submit additional medical record evidence confirming the diagnosis. ECF No. 25.

On October 17, 2017, Petitioner requested a six-month extension of time to file additional evidence. ECF No. 26. As the motion explained, Petitioner relocated to the San Francisco Bay area and was attempting to locate a new treating neurologist. *Id.* at 1. I granted Petitioner's request and ordered her to file monthly status reports detailing her efforts to obtain support for a TM diagnosis. ECF No. 27. In total, Petitioner filed sixteen status reports between November 2017 and April 2019, but was ultimately unable to obtain evidence of a confirmed TM injury. ECF No. 47.

On July 12, 2019, I issued an Order to Show Cause why Petitioner's claim should not be dismissed given the extensive amount of time granted to Petitioner to file additional evidence in support of her claim. ECF No. 48. I emphasized Petitioner's multiple opportunities to offer confirming physician statements or medical testing evidence in support of a TM diagnosis and ordered her to submit either an expert report or a confirmed diagnosis by August 12, 2019. *Id.* at 1. Further, I cautioned Petitioner that a failure to submit either will be interpreted as a failure to prosecute this claim, and the petition shall be dismissed. *Id.* Petitioner's counsel submitted a status report on the date ordered, in which he stated that he advised "Petitioner multiple times that her vaccine injury claim will be dismissed if we cannot confirm she contracted [TM]." ECF No. 49 at

1. Counsel further indicated that Petitioner "is still unable to provide medical records, a definitive diagnosis, or an expert report connecting her medical condition to her vaccine." *Id.*

## II.     ANALYSIS

To receive compensation under the Act, Petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). To prove actual causation, Petitioner must present: (1) a medical theory; (2) a logical sequence of cause and effect; and (3) a medically acceptable temporal relationship between the vaccination and the injury. *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).

In the present case, Petitioner did not allege, nor do the medical records indicate, that she suffered a Table injury. Thus, to prevail on entitlement, Petitioner must establish that the vaccine is the actual cause of her injuries. Under the Vaccine Act, Petitioner may not be awarded compensation based solely on her claims alone. Rather, the petition must be supported by medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In the present case, the filed medical records are insufficient to establish entitlement to compensation, and Petitioner has not submitted an expert opinion providing a definitive diagnosis or medical theory linking her injury to the vaccines she received on October 8, 2014. Despite multiple extensions of time to do so, Petitioner has not fulfilled her burden under the Vaccine Act. I find that Petitioner's filings, without any additional evidence or submissions, do not contain preponderant evidence demonstrating that she is entitled to compensation. It is therefore appropriate to dismiss her claim for insufficient proof.

Furthermore, when a petitioner fails to comply with orders to prosecute her case, the Court may dismiss her claim. *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (table); Vaccine Rule 21(b); *see also Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); *Adkins v. United States*, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests). Petitioner in the present matter has been granted an extensive amount of time to submit evidence confirming a definitive diagnosis of the injury alleged herein. To date, however, Petitioner has failed to comply with my order to submit medical record evidence or an expert opinion in support of a TM diagnosis. As outlined above, Petitioner's response to my Order to Show Cause *acknowledged* that she is unable to offer any additional record support (in the form of medical records or an expert opinion) to establish a definitive diagnosis or connect her injuries to vaccination. *See* ECF No. 49. I will therefore dismiss this case for failure to prosecute.

**This case is dismissed for insufficient proof and failure to prosecute.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>s/ Herbrina D. Sanders</u>
Herbrina D. Sanders
Special Master